UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFF MCDONALD, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | |
| | § | Civil Action No._____ |
| TARRANT COUNTY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT TARRANT COUNTY COLLEGE DISTRICT NOTICE OF REMOVAL

Defendant, Tarrant County College District ("TCCD"), pursuant to 28 U.S.C. §§ 1441-1448, hereby removes this case to the Fort Worth Division of the United States District Court for the Northern District of Texas.  In support of removal, Defendant states as follows:

### I.      GENERAL

1.      Plaintiff brought an action against Defendant in state court in the 348th District Court of Tarrant County, Texas, entitled *Jeff McDonald v. Tarrant County College District*, Case No. 348-318817-20 (the "Lawsuit").

2.      Removal is effectuated under 28 U.S.C. §§ 1331, 1441-1448, and 29 U.S.C. § 1132(e).

3.      Removal to this district is proper under 28 U.S.C. §§ 124(a)(2) and 1441(a).

4.      TCCD is a public sector employer engaged in commerce or in an industry or activity affecting commerce.

5.      Plaintiff filed suit against TCCD pursuant to 42 U.S.C. § 1983 for deprivation of property interests, without procedural due process, in violation of the Fifth and Fourteenth Amendment to the United States Constitution.

## II.   JURISDICTION

### A.   Federal Question: 42 U.S.C. § 1983.

6.      This is a civil action arising under the laws of the United States and the Constitution of the United States.  Plaintiff's procedural due process claim is governed by 42 U.S.C. § 1983, which gives the federal court jurisdiction over disputes arising under this Act. Federal jurisdiction therefore exists under 28 U.S.C. § 1331.

### B.   Supplemental Jurisdiction

7.      Supplemental jurisdiction exists under 28 U.S.C. § 1367.

## III.   CONSENT TO REMOVAL

8.      The records of the 348th District Court of Tarrant County, Texas confirm that one citation was issued on August 26, 2020.

9.      Service of Process has not been effectuated upon TCCD.

10.      Consent of any other parties is not necessary because TCCD is the only Defendant in this case.

## IV.   PROCESS, PLEADING, ORDERS/TIMELINESS, VENUE

11.      This Lawsuit was filed on August 20, 2020.

12.      TCCD has not yet been served with service of process but received notice of lawsuit on August 21, 2020.

13.      This notice of removal is therefore timely filed by Defendant under the provisions of 28 U.S.C. § 1446, and this action is removed under 28 U.S.C. § 1441-1448.

14.      As required by 28 U.S.C. § 1446(a), the following documents are attached and filed herewith:

**Exhibit "A":**  INDEX OF MATTERS BEING FILED

**Exhibit "B"**:   STATE COURT FILES, including a true and correct copy of all process, court docket sheets, pleadings asserting causes of action, answers, and any orders signed by the state court judge:

    B-1:   Court Docket

    B-2:   Plaintiff's Original Petition

    B-3:   Citation Issued

    B-4:   Original Answer

**Exhibit "C":**   LIST OF COUNSEL OF RECORD, including addresses, telephone numbers and parties represented.

**Exhibit "D":** CERTIFICATE OF INTERESTED PARTIES.

15.    As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules for the Northern District of Texas, included in the Index of Documents Filed in State Court and State Court Docket Sheet filed with this Notice of Removal is a copy of the State Court Record and a copy of the State Court docket sheet in the Lawsuit.

16.    Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal and written notice of the filing of this Notice of Removal will be served on counsel of record and will be filed with the Clerk of the 48th District Court of Tarrant County, Texas.

17.    Venue is proper in this district under 28 U.S.C. § 1441 because this district and division embrace the place where the removed action has been pending.

## V.    CONCLUSION

18.    Plaintiff's ERISA claim is governed by 29 U.S.C. §§ 1132(a) and (e)(1), which provides exclusive federal jurisdiction for this cause of action.  Plaintiff's FMLA claim is governed by 29 U.S.C. § 2617, and Plaintiff's Rehabilitation Act claim is governed by 29 U.S.C. § 794a, which both give the federal court jurisdiction over disputes arising under these Acts.   Therefore, this case is removable under 28 U.S.C. § 1441, regardless of the allegations in Plaintiff's state

court pleadings.  *See e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987).

## VI.    PRAYER

WHEREFORE, Defendant Child Care Associates prays that this cause proceed in this Court as a properly removed action.

Respectfully submitted,

By:   /s/Lu Pham

Lu Pham
State Bar No. 15895430
lpham@phamharrison.com
Antonio U. Allen
State Bar No. 24069045
aallen@phamharrison.com
Spencer Mainka
State Bar No. 24116707
smainka@phamharrison.com
PHAM HARRISON, LLP
505 Pecan Street, Suite 200
Fort Worth, Texas 76102
(817) 632-6300
(817) 632-6313 – Fax

Carol Bracken
State Bar No. 20861400
Carol.Bracken@tccd.edu
Lauren H. McDonald
State Bar No. 24085357
Lauren.McDonald2@tccd.edu

TARRANT COUNTY COLLEGE DISTRICT
1500 Houston Street
Fort Worth, Texas 76102
(817) 515-5137
(817) 515-5150 Fax

**ATTORNEYS FOR DEFENDANT
TARRANT COUNTY COLLEGE
DISTRICT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby acknowledges that a true and correct copy of the above-mentioned document was E-served on this the 31st day of August 2020 on counsel for Plaintiff as follows:

Frank Hill
fhill@hillgilstrap.com
Daniel J. Graves
dgraves@hillgilstrap.com
HILL GILSTRAP, P.C.
1400 West Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 Facsimile
**ATTORNEYS FOR PLAINTIFF**

　/s/Lu Pham_____
Lu Pham