UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFF MCDONALD, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | |
| | § | Civil Action No._____ |
| TARRANT COUNTY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## <u>EXHIBIT "B"</u>

## INDEX OF STATE COURT FILINGS

B-1:   Court Docket

B-2:   Plaintiff's Original Petition

B-3:   Citation Issued

B-4:   Original Answer

Exhibit "B-1"

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information        08/31/2020 1:29 PM

**Court :** [ 348 ⌄ ]   **Case :** [ 318817 ] [ Search ] [ New Search ]   ☐ Show Service Documents ONLY

**Cause Number : 348-318817-20**        **Date Filed : 08-20-2020**

JEFF MCDONALD   | VS |   TARRANT COUNTY COLLEGE DISTRICT

**Cause of Action :** OTHER CIVIL, OTHER

**Case Status :** PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|-----------|-------------|---|---|---|--------------|-----------------|
| 08-20-2020 | PLTF'S ORIG PET | 📄 | N | | $289.00 | |
| 08-20-2020 | COURT COST (PAID) trans #1 | | Y | | | $289.00 |
| 08-20-2020 | CIT-ISSUED ON TARRANT COUNTY COLLEGE DISTRICT-On 08/26/2020 | 📄 | N | Svc | $8.00 | |
| 08-20-2020 | COURT COST (PAID) trans #3 | | Y | | | $8.00 |
| 08-20-2020 | JURY FEE | | N | | $40.00 | |
| 08-20-2020 | COURT COST (PAID) trans #5 | | Y | | | $40.00 |
| 08-31-2020 | [ORIG ANS] TARRANT COUNTY DISTRICTS ORIG ANS | 📄 | | | | $0.00 |

Exhibit "B-2"

FILED
TARRANT COUNTY
8/20/2020 11:43 AM
THOMAS A. WILDER
DISTRICT CLERK

348-318817-20

CAUSE NO. _____

| JEFF MCDONALD, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| TARRANT COUNTY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant*. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Jeff McDonald, Plaintiff in the above-styled and numbered cause ("Plaintiff"), and files this, his Original Petition against and complaining of Tarrant County College District, Defendant in the above-styled and numbered cause ("Defendant" or the "College"), and in support thereof would respectfully show the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1.1     Plaintiff affirmatively pleads that discovery in this matter should be conducted in accordance with discovery control plan, Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II.
## THE PARTIES

2.1     Plaintiff is an individual currently residing in Tarrant County, Texas.    In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, the last three numbers of Plaintiff's driver's license are 911, and the last three numbers of Plaintiff's social security number are 780.

2.2     Defendant is a community college district organized and existing pursuant to the laws of the State of Texas for the purpose of operating a system of community colleges in and around Tarrant County, Texas.   Also, Defendant is a "state actor" within the meaning of applicable law and the actions complained of herein comprise "state action." The address of Defendant's administrative offices is 1500 Houston Street, Fort Worth, Tarrant County, Texas 76102. Defendant may be served with process by serving its Chancellor, Eugene Giovannini Ed.D. (the "Chancellor"), at the foregoing address pursuant to the Texas Rules of Civil Procedure.

### III.
### JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action because the amount in controversy is within the jurisdictional limits of this Court.

3.2     This Court has jurisdiction over Defendant because it conducts business in the State of Texas, it purposefully availed itself of the privileges and benefits of the State of Texas, and/or this suit, in part, concerns acts and/or omissions of Defendant and/or contractual relationships entered into and/or performable by Defendant in the State of Texas.

3.3     Venue is mandatory in Tarrant County, Texas under Section 15.0151 of the Texas Civil Practice and Remedies Code because Defendant is a political subdivision, as that term is defined, located in Tarrant County, Texas.   Additionally, venue is proper in Tarrant County, Texas under Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred within Tarrant County, Texas, as well as Section 15.002(a)(3) of the Texas Civil Practices and Remedies Code because Defendant's principal office is located in Tarrant County, Texas.

3.4     Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief between $200,000

and $1 million, and equitable relief.

## IV.
## FACTUAL BACKGROUND

4.1     Mr. McDonald was previously a student of the College and was welcomed back as an instructor in the Emergency Medical Services Program ("EMS Program"). Mr. McDonald started out as a clinical instructor in 1980 and was then appointed as a full time member of the faculty in the fall of 1986. In 1991, Mr. McDonald was appointed as the Interim Director of the EMS Program, which added administrative duties to his teaching duties. He was later officially made Program Director of EMS, and he held such role of Program Director through about September 2019.  He was promoted to the position of associate professor in 2011.

4.2     Under this leadership, the EMS Program flourished and gained state and national attention as a highly regarded program for EMT and paramedic training. Additionally, Mr. McDonald has been the recipient of numerous awards for his service to the EMS profession and for his teaching, including recognition as a Teacher of the Year by the Texas House of Representatives and the Northeast Campus Teacher of the Year in 2014. Because of his widely recognized expertise in the field and excellence as an instructor and teacher, the College awarded Mr. McDonald tenure in 2012.

4.3     In or around March 2017, the College appointed Eli Mercer ("Mercer") as the Dean of Technology, Health, and Business Division for the Northeast Campus of the College. At this time, Mercer became Mr. McDonald's direct supervisor and reported to the Vice President of Academic Affairs ("VPPA"), Linda Braddy.

4.4     On or about July 11, 2019, Mercer put Mr. McDonald on a performance improvement plan ("PIP") that identified four (4) "areas of concern" relating to Mr. McDonald's performance in his role as the Program Director of EMS. First, the College alleged that Mr.

McDonald allowed a direct report of his, Bridgette Hudson, to hold additional employment outside of her role as a faculty member of the College without disclosing "this information to his new supervisor in 2017." Second, the College charged Mr. McDonald with failing to respond to or complete directives from his superiors over the past two-and-a-half years. The College specifically alleged that Mr. McDonald failed to respond to community concerns and requests, to create a method to manage instructional equipment needs, to implement online delivery of the EMS Program, and to make exceptions for local fire departments. The College cited TCC DH (LOCAL) policy as grounds for this area of concern, which states than an offense exists where an employee refuses "to carry out job duties or **reasonable** directives of the employee's supervisor." Third, the College alleged the Mr. McDonald failed to meet deadlines. Lastly, the College alleged Mr. McDonald was openly critical of the College and its leadership to other faculty and staff and community partners.

       4.5     The PIP was to run from July 2019 through February 2020. In or about September 2019, Mr. McDonald was summarily removed as the Director for the EMS Program and was reassigned as an advisory member of a presidential task force on the future state of the EMS Program. He continued to teach, before and after this reassignment. However, despite no longer being in the position of Program Director, the College required Mr. McDonald to continue on his PIP, despite the fact that the areas of concern were directly related to his position as the Program Director. None of the issues addressed by the college were in relation to his abilities or performance as a faculty member within the EMS Program. Even still, Mr. McDonald continued to meet with his supervisor in relation to the PIP and was even told by Mercer on or about November 4, 2019 at one such meeting that there were no new issues and that Mr. McDonald was improving.

4.6     In or around November 2019, the College appointed Kirsten Cooper, Ed.D. ("Dr. Cooper") as Interim Vice President of Academic Affairs for the Northeast Campus after Dr. Linda Braddy's departure. Mr. McDonald and Dr. Cooper never had a formal meeting or any substantive communication regarding Mr. McDonald's PIP or job performance during the 2019-2020 school year.

4.7     On or about March 20, 2020, Mercer sent Mr. McDonald a letter signed by Chancellor Giovannini, stating that Mr. McDonald's contract would not be renewed.

4.8     On or about March 24, 2020, Mr. McDonald, through his counsel, notified the College of his demand for a full due process hearing related to the non-renewal of his contract despite his tenured position. Additionally, Mr. McDonald requested a statement of the cause(s) for the College's decision not to renew his contract so that he could adequately prepare a defense during the requested due process hearing. The College conceded that Mr. McDonald had timely requested a due process hearing, but due to the ongoing COVID-19 pandemic and resulting closure of the College's campuses, a due process hearing was not immediately available.

4.9     An in-person hearing before a tribunal of Mr. McDonald's peers was finally held on July 21, 2020 (the "Hearing"). Despite Mr. McDonald's repeated request, the College **never** presented him with a statement of the causes for the termination of his tenured employment prior to the commencement of the Hearing.

4.10    Dr. Kenya Ayers-Palmore ("Dr. Ayers"), Northeast Campus President, represented the College in the Hearing, and Mr. McDonald represented himself, per the College's policy, with his counsel present. In her opening statement and closing arguments to the panel, Dr. Ayers essentially argued that Mr. McDonald was terminated for failure to adequately complete and comply with the PIP. However, as previously stated, the PIP related to Mr.

McDonald's duties and performance as the EMS Program Director, and not as a faculty member. By the completion of his PIP, Mr. McDonald no longer held his director position. The College made no claims regarding Mr. McDonald's competencies and performance as an instructor, and in fact, Dr. Ayers conceded on several occasions throughout the hearing that Mr. McDonald was an excellent educator and an expert in his field.

4.11    During Dr. Ayers's direct examination of Dr. Cooper, Dr. Cooper mentioned that she had concerns about the number of adjunct faculty members within the EMS Program, the amount of stipends being paid to those adjunct faculty members, and the scope of duties of those adjunct faculty members. Dr. Cooper essentially accused Mr. McDonald of perpetrating a fraud against the College by hiring adjunct faculty members during his service as the EMS Program Director. Dr. Cooper's testimony is the **very first time** that Mr. McDonald was ever given notice that there were any concerns regarding his management of adjunct faculty members and whether it complied with the College's policies. To be clear, Dr. Cooper's assertion that "hundreds of thousands of dollars" were being paid to adjunct faculty members under Mr. McDonald's authority, is the **first time** Mr. McDonald ever received any sort of indication that such accusations were being made against him.

4.12    At the conclusion of the Hearing, the tribunal of Mr. McDonald's peers deliberated and came to a unanimous decision that the Chancellor should reconsider his decision to non-renew Mr. McDonald's contract and terminate his tenured employment with the College. Mr. McDonald was notified of this decision the same evening and presented with the tribunal's written decision on July 23, 2020.

4.13    It must also be noted that it is impossible for Mr. McDonald or his counsel to provide this court with a transcript of any testimony given or arguments made during the

Hearing. Despite the College's policy to have an audio recording of its due process hearings, the College "failed to save" the audio recording made of the Hearing leading to the destruction of evidence relating to Mr. McDonald's claims against the College. This fact was not disclosed to Mr. McDonald or his counsel until July 23, 2020. Shortly thereafter on July 29, 2020 the College gave notice that the Chancellor reaffirmed his decision to terminate Mr. McDonald's employment, despite the unanimous decision of the Hearing panel that he should not.

4.14    Subsequently, on July 30, 2020, the College's counsel provided to Mr. McDonald's counsel a document entitled "Investigation Report—Jeffrey McDonald" (the "Report") prepared by Tarrant County College District Internal Audit Department. The Report claims to be dated June 23, 2020, but also includes a more substantive letter within the report dated July 28, 2020. The subject of the Report is twofold: (1) compliance in hiring and paying adjunct faculty; and (2) Mr. McDonald's execution of faculty evaluations within his department. It is again important to note, that these duties are related solely to his former role as a Program Director and not related to his position as a faculty member or his performance as an instructor. At no point during the "investigation" was McDonald asked about either issue addressed in the Report. At no point did the College provide him a meaningful opportunity to adequately address those issues or the accusations made therein, not prior to the College informing him of his non-renewal, not prior to the Hearing, and not during or after the "investigation."

4.15    On August 4, 2020, Mr. McDonald provided notice to the College that he intended to exhaust his administrative remedies by making his final appeal to the Board of Trustees in a closed session.

4.16    On or about August 11, 2020, Mr. McDonald received an offer of employment contract from the College for a yearly salary of $113,229 for the 2020-2021 academic year (the

"Employment Contract"). The Employment Contract also provides that Mr. McDonald would be entitled to all appropriate benefits as provided by the College's policies. Mr. McDonald accepted the Employment Contract by electronically signing his assent on August 12, 2020. The College then sent him a copy of the Employment Contract, which was also electronically signed by the Chancellor.

4.17   On or about August 13, 2020, the College attempted to rescind the Employment Contract, despite it being prepared by the College and signed by the Chancellor.

## V.
## CAUSES OF ACTION

5.1   ***Alternative Pleadings***.   To the extent necessary, each of the claims set forth below is pleaded in the alternative.

5.2   ***Violations of the United States and Texas Constitutions***.   To the extent necessary, Paragraphs 1.1 through 5.1 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.   Defendant's actions constitute violations of the United States and Texas Constitutions.   All of the wrongful conduct by Defendant, as described herein, is a result of the policies of Defendant, as written and/or as applied to Plaintiff.   Additionally, all of the wrongful conduct described herein was caused by policymakers of Defendant, including Dr. Ayers and Dr. Braddy and Dr. Cooper, whose conduct was sanctioned, through action and/or inaction, by Defendant's Board of Trustees, Defendant's Chancellor, and Defendant's counsel, all singularly or collectively acting as policymakers for Defendant in this case.   Defendant's Board of Trustees has also delegated its policymaking functions in this case to the Chancellor and others, and they have affirmed the wrongful conduct of said persons in this case.

**Deprivation of Property Interests without Procedural Due Process**

All paragraphs above are adopted by reference as if fully stated herein.

5.3     The Defendant deprived Plaintiff of property interests, without procedural due process, in violation of his rights under the Fifth and Fourteenth Amendment to the United States Constitution, and without due course of the law of the land, in violation of  Article I, Section 19 of the Texas Constitution.[1] Specifically, Dr. Ayers has stripped Mr. McDonald of his position as an associate professor without any due process hearing.  *See Pierce v. Texas Dep't of Criminal Justice, Institutional Div.,* 37 F.3d 1146 (5th Cir. 1994) ("Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands.")

5.4     This adverse employment action and deprivation of property interests triggered Mr. McDonald's right of due process.  It is now impossible to provide a fair due process hearing, because the Defendant wholly failed to ensure the fairness and of the Hearing that took place on July 21, 2020, despite Mr. McDonald's repeated requests for information. By purposefully stalling and denying procedural due process to Plaintiffs, while wrongfully disseminating misleading and defamatory information, Defendants have effectively and as a matter of law, under these facts, deprived Plaintiffs of procedural due process.

5.5     Only after the decision was made to non-renew Plaintiff did Defendant begin an "investigation" into his performance as the Program Director of the EMS Program, a position which he no longer even held at the time he was notified that Defendant intended to terminate his tenure. Furthermore, it was not until after the Hearing that Defendant concluded its "investigation" and publish its Report. Plaintiff was entitled to a hearing and an opportunity for redress of his claims of unlawful employment practices, which are provided for by law; however,

---

[1] "Due process ," as used herein, refers to both the due process rights afforded under the United States Constitution and the due course of the law of the land guaranteed by the  Texas Constitution.

Defendant failed and/or refused to provide Plaintiff with the minimal procedural due process and/or the procedural redress system incorporated into Defendant's policies, procedures, guidelines, rules, and/or regulations, effectively denying Plaintiff the due process rights to which he is entitled under the United States and Texas Constitutions.

5.6     In addition, Defendant failed to afford Plaintiff any meaningful pre-termination due process, as required by the Supreme Court in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487 (1985). Instead, Plaintiff was provided only the most perfunctory of hearings, before which Defendant failed and refused to tell Plaintiff the charges against him and refused to answer questions regarding the cause for his termination. This Hearing, and more notably the lack of notice, utterly failed to meet the requirement of *Loudermill* that Plaintiff be provided with oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.  *Id.* at 546, 1495. The college cannot claim to have provided Mr. McDonald a meaningful opportunity to present a defense to charges which he learned of for the first time at the Hearing.

5.7     As a result of the Defendant's actions depriving Plaintiff of his rights to procedural due process under the Fifth and Fourteenth Amendments, Plaintiff herein sues Defendant pursuant to 42 U.S.C. § 1983.

5.8     For all of the actions of Defendant described in this Complaint, Defendant was a state actor acting under the color of law.

5.9     Accordingly, Plaintiff seeks recovery of the full measure of relief and damages, specifically including mental anguish and emotional distress damages, consequential and incidental damages, as well as prospective and injunctive relief, including but not limited to Defendant reinstating Mr. McDonald to his position as associate professor.

5.10   ***Breach of Contract – Count One.*** To the extent necessary, Paragraphs 1.1 through 5.9 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein. As set forth above, Defendant breached Plaintiff's employment contracts and/or agreement by failing and/or refusing to abide by and/or comply with the terms thereof. In 2012, the College agreed to continue Plaintiff's employment and faculty position indefinitely through tenure. However, as set forth above, the College has wrongfully terminated his tenured employment. As the direct and proximate result of the breaches of Defendant, Plaintiff has sustained damages for which he here sues.

5.11   ***Breach of Contract – Count Two***.  To the extent necessary, Paragraphs 1.1 through 5.10 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein. As set forth above, Defendant breached Plaintiff's employment contracts and/or agreement by failing and/or refusing to abide by and/or comply with the terms thereof.  Defendant offered and Plaintiff accepted employment as an associate professor for the 2020-2021 academic year, starting on August 17, 2020. However, as of the filing of this petition, Defendant has made it known that does not intend to comply with its part of the bargain and has effectively terminated McDonald for a second time. Though the College claims "mistake" as grounds to revoke the Contract, any mistake made was by the College and a unilateral mistake is not grounds for rescinding or otherwise negating the Contract. As the direct and proximate result of the breaches of Defendant, Plaintiff has sustained damages for which he here sues.

5.12   ***Declaratory Judgment.*** In the alternative, Plaintiff seeks a declaratory judgment in order to settle and afford relief from uncertainty and insecurity with respect to his rights, status, and employment under the Contract, pursuant to Chapter 37 of the Texas Civil Practice

and Remedies Code. Specifically, Plaintiff requests the Court to issue an order validating the Contract for Plaintiff's employment at the College for the 2020-2021 academic year, and orders Defendant to allow Plaintiff to resume his duties as a tenured faculty member.

## VI.
## REQUESTED RELIEF

6.1     As the direct and/or proximate result of the actions of Defendant complained of herein, Plaintiff has been damaged and seeks recovery of the full measure of relief and damages against Defendants, including but not limited to actual and/or economic damages, compensatory damages and/or nominal damages (including mental anguish and emotional distress damages), consequential and incidental damages, in an amount within the jurisdictional limits of this Court, and all other equitable and injunctive relief which may be available to him, including injunctive relief and/or equitable relief requiring Defendant to provide him with a full due process hearing, with a name clearing hearing, with his appeal rights, and to reinstate him in his tenured position as an associate professor for the EMS Program.

## VII.
## FEES, COSTS, AND INTEREST

7.1     Mr. McDonald has retained the law firm of Hill Gilstrap, P.C. to represent him in connection with this matter, and has agreed to pay for such reasonable and necessary services.  In addition to and without waiving and/or limiting any other relief requested herein, Plaintiff is entitled to and seeks to recover his reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this suit and in all appeals of this suit, as permitted by law, in equity, and/or pursuant Chapters 37, 38 and 106 of the Texas Civil Practice and Remedies Code, and/or Chapter 271 of the Texas Local Government Code. and 42 USC § 1988(b)-(c).

7.2     Plaintiff further seeks to recover costs of court, along with pre-judgment and post-

judgment interest at the maximum rate permitted by law.

## VIII.
## CONDITIONS PRECEDENT

8.1     All conditions precedent to the relief being sought by Plaintiff in this matter have

been performed, have occurred, and/or have been waived.

## IX.
## DEMAND FOR JURY TRIAL

9.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a

jury trial, and has or will tender the requisite fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing,

Plaintiff recover judgment against Defendant and be awarded:

(1)     any and all amounts recoverable and/or recognizable as damages under law and/or in equity, resulting and/or occasioned by the wrongful acts and/or conduct of Defendant (as set forth above more specifically);

(2)     his litigation expenses and costs, including but not limited to his reasonable and necessary attorneys' fees and costs and any applicable expert fees;

(3)     pre-judgment and post-judgment interest at the maximum rate permitted by law;

(4)     costs of court;

(5)     injunctive relief requiring Defendant to provide him with a full due process hearing, including an opportunity to clear his name of the false and stigmatizing charges against him, requiring Defendant to reinstate his employment and provide him with an opportunity to be considered for tenure; and

(5)     such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,


_____ /s/ *Frank Hill* _____

Frank Hill                          09632000
fhill@hillgilstrap.com
Daniel J. Graves                    24101822
dgraves@hillgilstrap.com


HILL GILSTRAP, P.C.
1400 West Abram Street
Arlington, Texas  76013
(817) 261-2222
(817) 861-4685 Facsimile

ATTORNEYS FOR PLAINTIFF

Exhibit "B-3"

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 348-318817-20*

JEFF MCDONALD

VS.

TARRANT COUNTY COLLEGE DISTRICT

## TO: TARRANT COUNTY COLLEGE DISTRICT

B/S CHANCELLOR-EUGENE GIOVANNINI ED D 1500 HOUSTON ST FORT WORTH, TX 76102-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

JEFF MCDONALD

Filed in said Court on August 20th, 2020 Against
TARRANT COUNTY COLLEGE DISTRICT

For suit, said suit being numbered 348-318817-20 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

FRANK HILL
Attorney for JEFF MCDONALD Phone No. (817)261-2222
Address    1400 W ABRAM ST ARLINGTON, TX 76013

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 26th day of August  2020.

By _____ Deputy

TAMARA COLACINO

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *34831881720000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
        County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                      _____
                        County of _____, State of _____

Cause No. 348-318817-20

JEFF MCDONALD

VS.

TARRANT COUNTY COLLEGE
DISTRICT

ISSUED

This 26th day of August, 2020

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        TAMARA COLACINO Deputy

FRANK HILL
Attorney for: JEFF MCDONALD
Phone No. (817)261-2222
ADDRESS: 1400 W ABRAM ST

ARLINGTON, TX 76013

*CIVIL LAW*



\*34831881720000003\*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

Exhibit "B-4"

FILED
TARRANT COUNTY
8/31/2020 11:34 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-318817-20

| | | |
|---|---|---|
| **JEFF MCDONALD**, | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | **348th DISTRICT COURT** |
| **TARRANT COUNTY COLLEGE** | § | |
| **DISTRICT**, | § | |
| | § | |
| *Defendant*. | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANT TARRANT COUNTY COLLEGE DISTRICT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Tarrant County College District ("**TCCD**" or "**Defendant**"), Defendant in the above-styled and numbered cause, and makes this, its Original Answer to Plaintiff's Original Petition, and in response thereto would show unto the Court the following:

### I.   GENERAL DENIAL

Defendant hereby exercises its right to file a general denial and requires the Plaintiff to prove his cause of action by a preponderance of the evidence.  Defendant therefore denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition for the purpose of requiring the Plaintiff to prove his cause of action to a fair and impartial jury.

Respectfully submitted,


By: /s/ Lu Pham
    Lu Pham
    State Bar No. 15895430
    lpham@phamharrison.com
    Antonio U. Allen
    State Bar No. 24069045
    aallen@phamharrison.com
    Spencer Mainka
    State Bar No. 24116707
    smainka@phamharrison.com

    PHAM HARRISON, LLP
    505 Pecan Street, Suite 200
    Fort Worth, Texas 76102
    (817) 632-6300
    (817) 632-6313 – Fax

    Carol Bracken
    State Bar No. 20861400
    Carol.Bracken@tccd.edu
    Lauren H. McDonald
    State Bar No. 24085357
    Lauren.McDonald2@tccd.edu

    TARRANT COUNTY COLLEGE DISTRICT
    1500 Houston Street
    Fort Worth, Texas 76102
    (817) 515-5137
    (817) 515-5150 Fax

    **ATTORNEYS FOR DEFENDANT**
    **TARRANT COUNTY COLLEGE**
    **DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned hereby acknowledges that a true and correct copy of the above-mentioned document was E-served on this the 31st day of August, 2020 on counsel for Plaintiff as follows:

Frank Hill
fhill@hillgilstrap.com
Daniel J. Graves
dgraves@hillgilstrap.com
HILL GILSTRAP, P.C.
1400 West Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 Facsimile
**ATTORNEYS FOR PLAINTIFF**

/s/ Lu Pham
Lu Pham